HERMAN HADLAN, PLAINTIFF IN ERROR,

*v.*

THE CITY OF OLYMPIA, DEFENDANT IN ERROR.

The Act to incorporate the City of Olympia, approved Nov. 28th, 1883, empowering the city to license, regulate and restrain drinking saloons, repealed the Act of 1873, which placed a limitation upon its powers in those respects.

Whether the amount of license fixed by ordinance of said city is greater than authorized by the exercise of its police power, questioned by a minority of the Court.

ERROR, to the Second Judicial District, holding terms at Olympia.

The questions in this case involved the constitutionality of the ordinance of the City of Olympia, fixing the rate of license for saloons within the corporate limits of the City of Olympia, and prescribing the punishment for selling spirituous liquors without such license. No point is made as to the form or sufficiency of this particular ordinance; but the sole question presented to this Court (as by counsel stipulated) is, Has the City of Olympia, under its present charter, power to pass an ordinance fixing the rate of liquor license at a greater sum than the maximum amount fixed by general law, and to prescribe pun-

ishment by fine and imprisonment for a violation of such ordinance ?

*Judson & Israel,* and *Gerrit T. Thorne,* for Plaintiff in error.

Section 16 of the City Charter, giving the power under which the ordinance was passed, reads as follows : " The City of Olympia shall have power to regulate, license and tax all carts, drays, trucks, wagons, carriages, coaches, omnibusses and other vehicles kept for hire * * * and to prescribe and fix the rate thereof, * * * to license, regulate or restrain drinking saloons, beer shops, breweries and other places where intoxicating or other beverages are sold or disposed of."

The power here given must be construed as power to prescribe by ordinance rules for regulation, only and not for revenue or taxation.   (Cooley on Taxation, 1st ed. 408; 1st Vol. Dillon on Municipal Corporations, 3d ed., Secs. 360, 358; *Cincinnati* v. *Bryson*, 15 Ohio Reports, 625; *Mayor* v. *Avenue R. R. Co.,* 32 N. Y. Reports, 261; 2d Vol. Dillon on Municipal Corporations, 3d ed., Sec. 768; *St. Louis* v. *Baltimore Insurance Co.,* 47 Missouri Reports, 150, 163; *Commonwealth* v. *Markham,* 7 Bush, Kentucky Reports, 486; *State* v. *Hoboken,* 33 New Jersey Law Reports, 280.)

But if the amount of the license depends solely upon the peculiar notions of the Common Council, they may then rightfully fix it at any rate which may to them seem reasonable.   If the temperance element prevailed in the Council, they could so fix the rate that no man could engage in the business.   Its license exactions would operate as prohibition.   This, clearly, is not warranted by our laws.   (General Laws Washington Territory, 1874, p. 437; General Laws of Washington Territory, 1875, p. 124; Laws of Washington Territory omitted from Code, 1881, pp. 25, 26, 27, 28; 1st Vol. Dillon on Municipal Corporations, 3d ed., Sec. 362, p. 361 ; *Chicago* v. *Rumpff,* 45 Illinois Reports, 90; *Gale* v. *Kalamazoo,* 23 Michigan Reports, 344 ; Same, 9 American Reports, 80.)

The general law and the power given to the city by the charter are consistent, when construed together.

Taken together, we find those checks and balances which guard against any and all evils resulting from leaving the rate to the discretion of the council ; and when the general law and

charter may both stand when construed together, they must be so construed. (General Laws of Washington Territory, 1873, 437, and of 1875, 124 ; 1st Dillon on Municipal Corporations, 2d ed., Secs. 300, 301 ; Potter's Dwarris on Statutes, 189 ; 1st Vol. Dillon on Municipal Corporations, 5th ed., Secs. 87, 88, 89 ; *State* v. *Young*, 17 Kan. Rep. 414.)

The general law must be held to be operative in the city limits, except when by the charter, or some other act, the general law is suspended in its operation.

The only change made by the charter in the general law, was to authorize the city council to issue the license, instead of the County Commissioners.

This follows from the fact that general laws operate all over the Territory, and that the provisions of the general laws must be held to apply everywhere, unless its operation in a particular locality has been abrogated or suspended. (Laws of Washington Territory, 1883, Sec. 10, 526 ; Tacoma Charter, Acts of 1883, Sec. 17, 321 ; Cheney Charter, Acts of 1883, Sec. 16, 343 ; Spokane Charter, Acts of 1883, Sec. 38, 358 ; Walla Walla Charter, Acts of 1883, Sec. 16, 274 ; Ellensburg Charter, Acts of 1883, Sec. 18, 160 ; 1st Vol. Dillon on Municipal Corporations, 3d ed., Sec. 89, 115 ; *Cook Co.* v. *McCrea*, 93 Ill. Rep. 236 ; *Hurford* v. *Omaha*, 4 Neb. Rep. 350 ; *Brimner* v. *Boston*, 102 Mass. Rep. 102 ; *Harvard College* v. *Boston*, 104 Mass. Rep. 470.)

Where a late statute is absolutely repugnant to a former one only in part, it repeals the former only so far as the repugnancy extends, and leaves all the remainder in force. ( *Cool* v. *Smith*, 1 Black Rep. 459 ; *Wood* v. *United States*, 16 Peters, 342 ; *Hartford* v. *United States*, 8 Cranch, 109 ; *Brown* v. *County Commissioners*, 21 Penn. Rep. 37 ; *Street* v. *Commonwealth*, Watts & Serg. 209 ; Potter's Dwarris on Statutes, 1st ed., 155 to 157, and note.)

If the general law has not been repealed so far as the same *fixes* the rate of license, then there was and is no authority by which the council could, by ordinance, fix the rate of license for retail of malt liquors within the corporate limits at $300 per annum, and the ordinance is void. (*Davies* v. *Fairborn*, 3 How. U. S. Reports, 636 ; Potter's Dwarris on Statutes, pp. 155 to 157 inclusive, and notes ; 1st Vol. Dillon on Municipal Corpora-

tions, 2d ed., Secs. 300, 301; *March* v. *Commonwealth*, 12 K. B. Monroe, 25 ; 4th Vol. Wait's Actions and Defenses, 600, 611; *Kinney* v. *Mallory*, 3 Ala. Rep. '626 ; *Planters' Bank* v. *State*, 6 Sm. & M. Miss., Rep. 628 ; *Mayor* v. *Hursy*, 21 Ga. Rep. 80 ; *Shrevesport* v. *Levy*, 21 Am. Rep. 553.

It is admitted that the ordinance under which plaintiff in error was convicted is repugnant to the general statute, and we insist that it is void. There is no power given in the Charter to defendant in error, authorizing the passage of an ordinance which will overrule, or in substance repeal, any general law of the Territory. (*Canton* v. *Nish*, 9 Ohio State, 439 ; *Thompson* v. *Mount Vernon*, 11 Ohio State Rep. 688 ; *The State* v. *Lindsay*, 34 Ark. Rep. 372 ; *Commonwealth* v. *Turner*, 1 Cushing, 55 Mass. Rep. 493 ; *Burlington* v. *Kellon*, 18 Iowa Rep. 65 ; *Muhlenbrunck* v. *Commissioners*, 13 Vroom's Rep. 364 ; *Muhlenbrunck* v. *Commissioners*, 36 Am. Rep. 518 ; *Thomas* v. *Richmond*, 12 Wallace, U. S. Rep. 349 ; *In re Le Tong*, Opinion by Deady, J., on Ordinance of City of Portland, West Coast Reporter, Vol. 1, 35 ; *The City* v. *Breese*, 11 Iowa Rep. 399; *Zauone* v. *Mound City*, 103 Ill. Rep. 552; *Field* v. *Des Moines*, 39 Iowa Rep. 575; *The State* v. *Curtis*, 9 Nev. Rep. 325; *The State* v. *Crumney*, 17 Minn. Rep. 72; *Jones* v. *Sanford*, 66 Maine Rep. 585, 588; *The State* v. *Jersey City*, 8 Vroom's Rep. 348; Cooley's Blackstone, 1st vol., 2d ed., 475, 476, and notes.)

*Robinson, Porter & Robinson*, for Defendant in error.

The money collected for license in the City of Olympia is not only for regulation but for revenue.

Regulation may be kept in view, while, at the same time, revenue is the primary purpose. (Wait's Ac. and Def., Vol. 4, pp. 625, 626 ; Session Laws of Washington Ter., 1871, p. 61, Sec. 11; Session Laws of Wash. Ter., 1873, p. 440, Sec. 12; *Ex parte Hurl*, 49 Cal. Rep. 557; *Ex parte Frank*, 52 Cal. Rep. 606 ; Dillon on Municipal Corporations, Vol. 1, pp. 115, 357, 360; Cooley on Taxation, Chap. XIX., p. 396.)

Each successive council may or may not change the rate, but that cannot affect the *right* to do so under the charter. We think they have this power. (City Charter, Laws of 1883, Wash. Ter., 112, 113, Secs. 16, 20, 21; Dillon on Municipal Corporations, 3d. ed., Sec. 357.)

The distinction between a demand for money under the police power, and one made under the power to tax, is not so much one of form as of substance. The former is a privileged tax, levied on an occupation; the latter a burden on property. (Cooley on Taxation, 396; *Holberg* v. *Mason,* 55 Miss. Rep. 112.)

The charter of the City of Olympia repeals all general laws of the Territory upon the subject of licenses within the corporate limits of said city. A special charter or statute prevails over the general law. The city has, by her charter, exclusive control over the licensing of drinking saloons within the corporate limits, and so long as the rate fixed be reasonable, she has not stepped beyond her power. (Sedgwick on Construction of Statutory and Constitutional Law, 2d ed., 99 and 100, note; *Burke* v. *Jeffries,* 20 Iowa Rep. 145; *Crane* v. *Reeder,* 22 Mich. Rep. 322; *State* v. *Clark,* 54 Missouri Rep. 17; *Ex parte Smith,* 40 Cal. Rep. 419; *City and County of Sacramento* v. *Bird,* 15 Cal. Rep. 295.)

Opinion by TURNER, Associate Justice.

The plaintiff in error was convicted in the Justice's Court of Olympia Precinct for the offense of selling beer without license, contrary to Ordinance No. 191 of the City of Olympia. On appeal to the District Court of the Second Judicial District, holding terms at Olympia, having waived a jury trial, he was, after hearing before the Judge of said Court, again convicted.

The case is brought here on writ of error, the parties waiving by stipulation, notice and assignment of errors required by the statute, and presenting to this Court for decision one question only, namely: " Has the City of Olympia power to pass an ordinance fixing the rates of saloon or liquor licenses within its limits, in amount greater than the amount fixed by the general laws of the Territory ? "

The general laws referred to is the act entitled " Act in relation to Licenses," approved November 13th, 1873, in which it is provided that annual licenses to keep drinking houses or saloons in the several counties of the Territory shall be granted, upon the payment into the county treasury of three hundred dollars, and the giving bond to keep such house or saloon in a quiet, peaceable, and orderly manner. The act further provided that the County Commissioners of any county might grant li-

censes for less than three hundred dollars, where little business was done, but in no case for less than one hundred. The act further provided that all moneys collected under the act for licenses, within the corporate limits of the Town of Olympia should be paid directly into the town treasury of said town as a municipal fund for the use of the town.

This law constituted a limitation on the Town of Olympia by virtue of the provisions of an act to amend the charter of said town, approved November 11th, 1873, in which it was declared that the Board of Trustees of the town should have the same powers, within the limits of the town, as were conferred by the general law upon County Commissioners, and that licenses were to be issued in conformity to the general laws regulating the issue of licenses throughout the Territory. The ordinance of the City of Olympia, for a violation of which the plaintiff in error was convicted, fixed the rate of license for saloons at more than three hundred dollars.

We are of the opinion that the acts in question, which were limitations upon the powers of the Town of Olympia, were repealed by the act entitled "An Act to incorporate the City of Olympia, approved November 28, 1883 ; and that the power of the city to exact the payment of the sum named, as a requisite to the right to keep a drinking house or saloon, must be governed exclusively by the provisions of the latter act.

We are also of opinion that the City of Olympia has power under the said act to require the payment of a sum greater than three hundred dollars per annum. A majority of the Court consider the exaction of the sum fixed by the city ordinance as a proper exercise of the police power conferred by the authority to "license, regulate, or restrain drinking saloons," &c. A minority of the Court, consisting of the Judge who renders this opinion, considers the language of the act broad enough to authorize the exaction of a license tax, and would doubt the power to demand so large a sum for a license, considered merely as a police regulation.

However, the conclusion is the same, and the judgment of the Court below is affirmed.

We concur :    S. C. WINGARD, Associate Justice.
            ROGER S. GREENE, Chief Justice.